IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

AUGUSTA DIVISION

EDDIE WILLIAMS, JR.,               )
                                   )
            Petitioner,            )
                                   )
      v.                           )          CV 118-098
                                   )
SHAY HATCHER,                      )
                                   )
            Respondent.            )
_____

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION
_____

Petitioner brings this case pursuant to 28 U.S.C. § 2254, and seeks permission to proceed *in forma pauperis* ("IFP").  Upon initial review pursuant to Rule 4 of the Rules Governing Section 2254 Cases, the Court **REPORTS** and **RECOMMENDS** Petitioner's motion to proceed IFP be **DENIED AS MOOT**, (doc. no. 2), the petition be **DISMISSED** as untimely, and this civil action be **CLOSED**.

## I.      BACKGROUND

On February 4, 2011, Petitioner pleaded guilty to felony murder in Jefferson County, Georgia, and the court sentenced Petitioner to life with the possibility of parole.  (Doc. no. 1, pp. 1-2.)  Petitioner did not appeal from the judgment of conviction, seek further review by a higher state court, or file a petition for certiorari in the United States Supreme Court.  (Id. at 2-3.)  Petitioner states he filed two previous petitions in state court in the "1990's-2000's" seeking "relief from prison" and was released from prison.  (Id. 3-5.)  Petitioner claims the 2011 conviction is for the same crime for which he obtained release in the 1990's and

2000's.  (Id.)  Specifically, Petitioner claims "the person have [sic] been killed multiple times and put back together as an [sic] robot."  (Id. at 5.)  Furthermore, Petitioner claims he "didn't know how to explain that the person was already dead and was a robot" and his family would not let him know "the person wasn't the person, they made them to be such as alive or hide things in the autopsy."  (Id. at 10.)  Petitioner indicates he has a "petition or appeal" pending in Muscogee County Superior Court for the judgment he is challenging.  (Id. at 12.) Petitioner has been incarcerated since May 5, 2011.[1]

Petitioner raises four grounds of error in the federal petition.  (Id. at 5-11.)  First, Petitioner argues his conviction violates double jeopardy, as he has been "proven innocent" of the crime "more than once."  (Id. at 5.)  Second, Petitioner argues he was insane at the time of the offense.  (Id. at 7.)  Third, Petitioner argues he has been "proven innocent" of the same crime after filing habeas corpus petitions in the past.  (Id. at 8.)  Fourth, Petitioner argues he "re[a]lized he was wrong in taking a plea bargain" without a complete understanding of his case.  (Id. at 10.)  Petitioner states he did not raise any of these issues on appeal or through a post-conviction motion or petition for habeas corpus in a state trial court. (Id. at 5-11.)  Nevertheless, he states all grounds for relief raised in the petition have been presented to the highest state court having jurisdiction.  (Id. at 12.)

Petitioner originally filed his case in the Middle District of Georgia, but United States Chief District Court Judge Clay D. Land transferred the case to the Southern District of Georgia on June 5, 2018.  (See doc. no. 4.)

---

[1] Georgia Department of Corrections, available at http://www.dcor.state.ga.us/ (follow "Find an Offender" hyperlink; then search for "Williams, Eddie," last visited June 18, 2018).

## II.      DISCUSSION

### A.      Petitioner's § 2254 Motion is Untimely

#### 1.      The Petition Is Time-Barred

Pursuant to the Anti-Terrorism and Effective Death Penalty Act of 1996 ("AEDPA"), 28 U.S.C. § 2244(d), there is a one-year statute of limitations for § 2254 motions that runs from the latest of:

> (1)(A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

Under § 2244(d)(1)(A), a judgment becomes final upon "the conclusion of direct review or the expiration of the time for seeking such review."  Because Petitioner did not file a direct appeal following his conviction on February 4, 2011, (doc. no. 1, p. 8), his conviction became "final" when the thirty day period to appeal expired.  O.C.G.A. § 5-6-38(a) ("A notice of appeal shall be filed within 30 days after entry of the appealable decision or judgment complained of.").  Thus, Petitioner's conviction became final on March 6, 2011.

The Court recognizes that, pursuant to 28 U.S.C. § 2244(d)(2), the one-year statute of limitations does not run while a properly filed application for state post-conviction relief or other collateral review is pending in state court.  Cramer v. Sec'y, Dep't of Corr., 461 F.3d 1380, 1383 (11th Cir. 2006).  However, Petitioner has not alleged any such applications that would toll the statute of limitations  First, the two petitions Petitioner claims he filed in the "1990's-2000's" do not toll the statute of limitations for his 2011 judgment of conviction. These past petitions are clearly unrelated to the present conviction because:  (1) Petitioner indicates he filed them prior to the February 4, 2011 judgment of conviction challenged here; and (2) Petitioner claims he was released from prison after filing those petitions but has been incarcerated since his 2011 judgment of conviction.  (Doc. no. 1, pp. 3-4.)  Thus, these petitions do not toll the statute of limitations.

Second, Petitioner alleges he has filed in Muscogee County Superior Court another "petition or appeal" regarding the judgment.  (Id. at 12.)  However, Petitioner does not indicate the nature of the filing or even when he filed it.  However, the docket number "SU-17-CV-1997-07" indicates Petitioner submitted the filing sometime in 2017.  On the other hand, if either "1997" or "07" designated the year Petitioner submitted the filing, it would predate the 2011 conviction by at least four years.  So, even assuming the filing was the type of filing that would toll the statute of limitations and it was submitted anytime in 2017, the one-year limitations period for filing a federal petition had already expired, meaning that no time period remained to be tolled.  See Sibley v. Culliver, 377 F.3d 1196, 1204 (11th Cir. 2004) ("[O]nce a deadline has expired, there is nothing left to toll.  A state court filing after the federal habeas filing deadline does not revive it.") (citing Moore v. Crosby, 321 F.3d

4

1377, 1381 (11th Cir. 2003)).  Thus, the instant petition filed in May of 2018, well over one year after his convictions became final in March of 2011, is untimely.

> ### 2. The Limitations Period Was Not Otherwise Reset under AEDPA, and Petitioner Has Not Shown that He Is Entitled to Equitable Tolling or that a Fundamental Miscarriage of Justice Has Occurred

AEDPA describes three other situations which may delay or reset its one-year statute of limitations:  (1) where there is a newly discovered factual predicate for a petitioner's claim which could not have been discovered earlier through the exercise of due diligence; (2) where the State has created some "impediment" to filing the application; or (3) where the petitioner asserts a right that has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review.  28 U.S.C. §§ 2244(d)(1)(B) – (D) (quoted *supra*).  Petitioner has not provided any explanation that would delay or reset his one-year statute of limitations under any of these three statutory sections for his claims.

Petitioner circled subsection D of § 2244(d)(1) in his petition, indicating the limitation period should run from when the factual predicate of the claims presented could have been discovered through the exercise of due diligence.  (Doc. no. 1, p. 14.)  However, Petitioner alleged no facts and made no arguments explaining why the factual predicate of his claims either was or only could have been discovered through the exercise of due diligence sometime after the judgment of his conviction became final.   Accordingly, the one-year statute of limitations ran from the date Petitioner's conviction became final.

Nevertheless, an otherwise untimely § 2254 petition may be considered if a petitioner can demonstrate that either he is entitled to equitable tolling or that a fundamental

miscarriage of justice has occurred.   Equitable tolling can be applied to prevent the application of AEDPA's statutory deadline, but only if a petitioner "shows '(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way' and prevented timely filing."   Holland v. Florida, 560 U.S. 631, 649 (2010) (quoting Pace v. DiGuglielmo, 544 U.S. 408, 418 (2005)); see also Lawrence v. Florida, 549 U.S. 327, 336 (2007).   Nevertheless, equitable tolling is typically applied sparingly, Steed v. Head, 219 F.3d 1298, 1300 (11th Cir. 2000), and is available "only in truly extraordinary circumstances."   Johnson v. United States, 340 F.3d 1219, 1226 (11th Cir. 2003).   The petitioner bears the burden of proving his entitlement to equitable tolling, San Martin v. McNeil, 633 F.3d 1257, 1268 (11th Cir. 2011), and will not prevail based upon a showing of either extraordinary circumstances or diligence alone; the petitioner must establish both.   See Chavez v. Sec'y Fla. Dep't of Corr., 647 F.3d 1057, 1072 (11th Cir. 2011).

Consideration of an otherwise untimely petition for federal habeas corpus relief may also be appropriate upon a showing that a "fundamental miscarriage of justice" has occurred, whereby "a constitutional violation has probably resulted in the conviction of one who is actually innocent."   McQuiggin v. Perkins, 569 U.S. 383, 392 (2013) (citing Murray v. Carrier, 477 U.S. 478, 495-96 (1986)); see also Wyzykowski v. Dep't of Corr., 226 F.3d 1213, 1218-19 (11th Cir. 2000).   The actual innocence exception "is exceedingly narrow in scope," and a time-barred petitioner seeking to invoke it must be able "(1) to present 'new reliable evidence . . . that was not presented at trial,' and (2) to show 'that it is more likely than not that no reasonable juror would have found petitioner guilty beyond a reasonable doubt' in light of the new evidence."   Rozzelle v. Sec'y, Fla. Dep't of Corr., 672 F.3d 1000,

1011 (11th Cir. 2012) (citations omitted), *cert. denied*, 133 S. Ct. 351 (2012).   As the

Supreme Court emphasized, "The miscarriage of justice exception, we underscore, applies to

a <u>severely confined</u> category:  cases in which new evidence shows 'it is more likely than not

that no reasonable juror would have convicted [the petitioner].' " <u>McQuiggin</u>, 133 S. Ct. at

1933 (emphasis added).

 Here, Petitioner has not shown that extraordinary circumstances stood in his way and

prevented him from timely filing his federal petition.  Nor has he presented any evidence,

much less new, reliable evidence, to show that he did not commit the offense to which he

pleaded guilty such that no reasonable juror would have found him guilty beyond a

reasonable doubt.  Therefore, neither equitable tolling nor the actual innocence exception

saves the instant petition from being time-barred under AEDPA.

### B. Petitioner Also Failed to Exhaust State Remedies

#### 1. The Exhaustion Requirement

 Under the Anti-Terrorism and Effective Death Penalty Act of 1996, ("AEDPA"), and

in accordance with the traditional exhaustion requirement, an application for a writ of habeas

corpus shall not be granted unless it appears that the petitioner has exhausted the remedies

available to him by any state court procedure.  <u>See</u> 28 U.S.C. §§ 2254(b)(1)(A) & (c).  "An

applicant shall not be deemed to have exhausted the remedies available in the courts of the

State . . . if he has the right under the law of the State to raise, by *any* available procedure, the

question presented."  <u>Id.</u> § 2254(c) (emphasis added).  A state inmate is deemed to have

exhausted his state judicial remedies when he has given the state courts, or they have

otherwise had, a fair opportunity to address the state inmate's federal claims.  <u>Castille v.</u>

7

<u>Peoples</u>, 489 U.S. 346, 351 (1989).  "In other words, the state prisoner must give the state courts an opportunity to act on his claims before he presents those claims to a federal court in a habeas petition."  <u>O'Sullivan v. Boerckel</u>, 526 U.S. 838, 842 (1999).

"A state prisoner seeking federal habeas relief cannot raise a federal constitutional claim in federal court unless he first properly raised the issue in the state courts." <u>Henderson v. Campbell</u>, 353 F.3d 880, 891 (11th Cir. 2003).  The exhaustion requirement applies with equal force to all constitutional claims.  <u>See</u> <u>Lucas v. Sec'y, Dep't of Corr.</u>, 682 F.3d 1342, 1353-54 (11th Cir. 2012); <u>see also</u> <u>Footman v. Singletary</u>, 978 F.2d 1207, 1211 (11th Cir. 1992).   "Ultimately, 'to exhaust state remedies fully[,] the petitioner must make the state court aware that the claims asserted present federal constitutional issues.'"  <u>Preston v. Sec'y, Fla. Dep't of Corr.</u>, 785 F.3d 449, 457 (11th Cir. 2015) (citation omitted).   However, an unexhausted claim is not procedurally defaulted unless the existence of a state procedural bar makes it evident that any future attempts at exhaustion would be futile.  <u>Gore v. Crews</u>, 720 F.3d 811, 816 (11th Cir. 2013).

"Generally, when a petitioner has failed to exhaust state remedies, the district court should dismiss the petition without prejudice to allow exhaustion."  <u>Reedman v. Thomas</u>, 305 F. App'x 544, 546 (11th Cir. 2008) (citing <u>Rose v. Lundy</u>, 455 U.S. 509, 519-20 (1982)). However, the exhaustion doctrine does not require a petitioner to seek collateral review in state courts of issues raised on direct appeal.  <u>Walker v. Zant</u>, 693 F.2d 1087, 1088 (11th Cir. 1982).  Moreover, in Georgia, a petitioner's "failure to apply for a certificate of probable cause to appeal the denial of his state habeas petition to the Georgia Supreme Court means that [the

petitioner] has failed to exhaust all of his available state remedies."  Pope v. Rich, 358 F.3d 852, 853 (11th Cir. 2004).

When a petitioner files a "mixed" petition, including both exhausted and unexhausted claims, a court has the option of issuing a stay and holding the petition in abeyance to allow the petitioner to return to the state court to exhaust his remedies as to the unexhausted claims. Rhines v. Weber, 544 U.S. 269, 275-77 (2005).  However, the stay and abeyance procedure should only be used in limited circumstances when a court determines there was good cause for the petitioner's failure to exhaust his claims first in state court.  Id. at 277.  Petitioner has not presented any exhausted claims in the present petition, and therefore, the stay and abeyance procedure is inapplicable.

### 2.      Petitioner Failed to Exhaust State Remedies

In addition to his motion being untimely, Petitioner has failed to exhaust state court remedies regarding his 2011 judgment of conviction.  As described above, Petitioner alleges he filed a "petition or appeal" regarding the 2011 judgment of conviction in Muscogee County Superior Court and the petition remains pending.  (Id. at 12.)

Only in rare circumstances may a federal habeas court deviate from the exhaustion requirement, such as in cases where the delay in the state courts is unreasonable or otherwise unjustified.  Generally, as a matter of comity, the state courts must be afforded a fair opportunity to hear claims raised in a habeas corpus petition challenging custody resulting from a state court judgment.  Picard v. Connor, 404 U.S. 270, 275 (1971).  However, "[c]omity does not require that the federal courts decline to exercise jurisdiction in the face

of allegations that the state courts have been presented with the merits of a claim for habeas corpus relief and have, for one reason or another, refused or been unable to act upon the claim." St. Jules v. Beto, 462 F.2d 1365, 1366 (5th Cir. 1972).[2]

In this regard, "[a] federal habeas petitioner need not wait until his state petitions for relief are exhausted, if the state court has unreasonably or without explanation failed to address petitions for relief." Hollis v. Davis, 941 F.2d 1471, 1475 (11th Cir. 1991); see also Reynolds v. Wainwright, 460 F.2d 1026, 1027 (5th Cir. 1972) (ruling that an inordinate delay can, under certain circumstances, excuse exhaustion). However, the Court must be mindful that "state courts are the principal forum for asserting constitutional challenges to state convictions." Harrington v. Richter, 562 U.S. 86, 103 (2011). Indeed, the exhaustion requirement ensures "that state proceedings are the central process, not just a preliminary step for a later federal habeas proceeding." Id.

As Petitioner claims to have a pending state proceeding regarding his 2011 judgment of conviction, the state court must be given an opportunity to consider Petitioner's claims. Petitioner has not alleged an unreasonable delay or a refusal to address a claim such that this Court should disregard the exhaustion requirement. Requiring exhaustion will allow for factual development of Petitioner's claim(s) and provide the state courts the first opportunity to correct any alleged constitutional violations. In sum, Petitioner has not exhausted by

---

[2]Under Bonner v. City of Prichard, the Eleventh Circuit adopted as binding precedent all Fifth Circuit decisions that were handed down prior to the close of business on September 30, 1981. 661 F.2d 1206, 1209 (11th Cir. 1981) (*en banc*).

giving the state courts "an opportunity to act on his claims *before* he presents those claims to a federal court in a habeas petition."  <u>O'Sullivan</u>, 526 U.S. at 842 (emphasis added).

## III.    CONCLUSION

For the reasons set forth above, the Court **REPORTS** and **RECOMMENDS** Petitioner's motion to proceed IFP be **DENIED AS MOOT**, (doc. no. 2), the petition be **DISMISSED** as untimely, and this civil action be **CLOSED**.

SO REPORTED and RECOMMENDED this 18th day of June, 2018, at Augusta, Georgia.

BRIAN K. EPPS
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA